# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:12cv159

| | |
|---|---|
| TENEYA DAWN MCCOY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **MEMORANDUM AND** |
| CAROLYN W. COLVIN, | )   **RECOMMENDATION** |
| Commissioner of Social Security, | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 8 & # 11]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** the Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

## I.    Procedural History

Plaintiff filed an application for disability insurance benefits on June 3, 2009. (Transcript of Administrative Record ("T.") 134.) Plaintiff alleged an onset

date of March 1, 2009.  (T. 134.)  The Social Security Administration denied

Plaintiff's claim.  (T. 96.)  Plaintiff requested reconsideration of the decision,

which was also denied.  (T. 100.)   A disability hearing was then held before an

Administrative Law Judge ("ALJ").  (T. 32-57.)  The ALJ then issued a decision

finding that Plaintiff was not disabled through the date of the decision.  (T. 20-26.)

Plaintiff requested review of the ALJ's decision, which was denied by the Appeals

Council (T. 1-3).  Plaintiff then brought this action seeking review of the

Commissioner's decision.

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she

is unable to "engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not

less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270

F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to

determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence:

(1) whether  a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III.    The ALJ's Decision

In his May 14, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act.  (T. 26.)  The ALJ made the following specific findings:

(1)     The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

(2)     The claimant has not engaged in substantial gainful activity since March 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*)

(3)     The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with stenosis, asthma, osteoarthritis of the left hip, and herniated nucleus pulposus of L3-4, L4-5 (20 CFR 404.1520(c)).

(4)     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5)     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of sedentary work, as defined in 20 CFR 404.1567(a), when afforded the option to sit or stand at will. She can have no exposure to fumes, odors, irritants, gases, or poorly ventilated areas.

(6)     The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7)     The claimant was born on March 15, 1975 and was 33 years old, which is defined as a younger individual age 18-44, on the alleged onset date (20 CFR 404.1563).

(8)     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9)     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10)    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(11)    The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2009, through the date of this decision  (20 CFR 404.1520(g)).

(T. 22-26.)

## IV.    Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits.  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).   The scope of judicial review, however, is limited.  The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation marks omitted).  It is more than a scintilla but less than a preponderance of evidence.  Id.  When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  Id.  Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

## V.    Analysis[1]

_____

[1]  Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

### A. The ALJ Properly Considered Plaintiff's Severe Impairments

The ALJ's determination as to whether an impairment is severe or not is a threshold determination.  See 20 C.F.R. § 404.1520(c).  An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  <u>Evans v. Heckler</u>, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original).

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with stenosis, asthma, osteoarthritis of the left hip, and herniated nucleus pulposus of L3-4, L4-5.  (T. 22.)  In addition, the ALJ determined that Plaintiff's Hepatitis C was not severe.  (T. 22.)  Although the ALJ did not expressly address Plaintiff's alleged mental impairments at step two, the ALJ subsequently found that the record failed to contain supporting evidence of any symptoms of mental impairments.  (T. 25.)  Plaintiff contends that the ALJ erred by not considering her mental impairments and Hepatitis C as additional severe impairments.  Plaintiff's contention is without merit.

Although the medical evidence reflects a diagnosis of Hepatitis C, the record

reflects that Plaintiff's Hepatitis C did not interfere with her ability to work. Although Plaintiff testified that she suffered from heartburn and nausea (T. 42), and that the symptoms were related to her Hepatitis C, the medical evidence in the record reflects that Plaintiff did not suffer any gastrointestinal symptoms (T. 493, 334, 336, 339, 536, 540). Because the medical evidence in the record does not demonstrate that Plaintiff's Hepatitis C had more than a minimal effect on her ability to work, the decision of the ALJ to exclude Hepatitis C from Plaintiff's list of severe impairments was supported by substantial evidence in the record.

Similarly, the ALJ properly excluded Plaintiff's alleged mental impairments from the list of severe impairments. As the ALJ properly highlighted in the decision (T. 25), the record is devoid of any medical evidence of mental impairments during the relevant time period. Plaintiff was not taking any psychiatric medications during the relevant time period, and there are no medical records demonstrating any ongoing treatment for mental impairments during the relevant time period. In fact, the record reflects that Plaintiff was not suffering from any mental impairment during the relevant time period (see e.g.,T. 474), that Plaintiff's mood and affect were normal (see e.g.,T. 320, 321, 323, 539), and that Plaintiff herself did not identify mental impairments as a condition that limited her ability to work (see e.g., T. 104, 108, 22, 232, 223-25.) Although Plaintiff points

to several documents prepared in connection with Plaintiff's prior, unsuccessful

applications for Social Security Benefits, such documents do not relate to the

relevant time period at issue. In short, the record is devoid of any evidence that, as

of the alleged onset date, Plaintiff suffered from mental impairments adversely

impacted her ability to work. Accordingly, the ALJ's decision not to include any

mental impairments as severe impairments at step two, is supported by substantial

evidence in the record and remand is not required in this case.

## B. The ALJ did not err in Evaluating Plaintiff's Subjective Complaints of Pain

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's

statements regarding her pain. Specifically, the Plaintiff contends that the ALJ

failed to provide a basis for not accepting Plaintiffs testimony as to the severity of

her pain and symptoms. As an initial matter, the Court recognizes that it is not the

role of this Court to determine whether Plaintiff's testimony was fully credible.

Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ

applied the proper legal standard in assessing Plaintiff's credibility and whether the

ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ

applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must

assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding her symptoms. (T. 23-25.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 24.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 24.) The ALJ provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 23-25.) For example, the ALJ found that despite testifying that her Hepatisis C caused her to have heart burn and nausea every day, the medical evidence showed that Plaintiff reported only fatigue. In addition, the ALJ gave substantial weight to the opinion evidence of the state agency physician. (T. 24.) Although Plaintiff contends that the ALJ failed to provide any basis for finding Plaintiff's testimony regarding her pain not to be credible, such position is flatly contracted by the decision of the ALJ. Plaintiff's contention that the ALJ's decision was based on conclusory statements that do not set out the material facts established in the record is equally meritless.

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied

the correct legal standard in assessing Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible.  See Craig, 76 F.3d at 589.  The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record.  Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating the frequency and severity of Plaintiff's symptoms is without merit.

### C.    The ALJ did not err in Questioning the Vocational Expert

At step five of the sequential evaluation process, the Commissioner bears the burden of demonstrating that Plaintiff can perform other work that exists in the national economy.  Hines, 453 F.3d at 567.  "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).  Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments."  Id.; Hines, 453 F.3d at 566; Riley v. Chater, 57 F. App'x 1067 (4th Cir. 1995) (unpublished).  Here, the ALJ asked the vocational expert a hypothetical that fairly set out each of the Plaintiff's impairments that the ALJ found to be

credible and supported by the evidence in the record.  (T. 51-55.)

Plaintiff, however, contends that the ALJ erred at step five by not accepting the testimony of the Vocational Expert in response to a hypothetical question posed by counsel for Plaintiff that included additional limitations that the ALJ did not make part of his RFC determination.  Fatal to Plaintiff's argument is the fact that the additional limitations posed by Plaintiff's counsel are not related to the time period at issue in this case and, thus, the ALJ did not incorporate these limitations into the RFC.  The ALJ properly relied on the opinion of the vocation expert based on a proper hypothetical question that fairly set out each of the claimant's impairments contained in the ALJ's RFC determination, as required in this Circuit.  See Walker, 889 F.2d at 50; Hines, 453 F.3d at 566.  Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11] and **AFFIRM** the decision of the Commissioner.

## VI.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** the Plaintiff's Motion for Summary Judgment [# 8], and **AFFIRM** the Commissioner's decision.

Signed: December 29, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.

**Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).